# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daryl M. Thomas, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 1:13-1294-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
|     Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on May 29, 2014, recommending that the Commissioner's decision be affirmed. (Dkt. No. 16). Plaintiff filed objections to the R & R. (Dkt. No. 18). After a careful review of the record, the decision of the Administrative Law Judge ("ALJ"), Plaintiff's objections, and the applicable legal standards, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff, who is currently 42 years of age and was 39 years of age at the time of alleged onset of disability of June 30, 2011, asserts that he is disabled under the Social Security Act because of the combined effects of various physical and mental impairments. The ALJ found that Plaintiff had a variety of severe impairments under the Act, including degenerative disc disease, diabetes, neuropathy, history of evulsion injury to left hand, obesity, attention deficit

disorder, affective disorder, anxiety disorder, and personality disorder. Transcript of Record ("Tr.") 22. The ALJ concluded, however, that the combined effects of Plaintiff's multiple impairments did not equal any Listing and such impairments still allowed him to retain a residual functional capacity for sedentary work. Tr. 22-29. The ALJ further concluded that there existed a significant number of jobs available in the national economy which Plaintiff could perform notwithstanding his impairments, which resulted in a finding that Plaintiff was not disabled under the Social Security Act. Tr. 30-31.

Plaintiff appealed the adverse administrative decision to this Court and raised a variety of objections to the decision of the Commissioner. The matter was initially referred to the Magistrate Judge, who issued a R & R recommending that this Court overrule each of Plaintiff's objections and affirm the decision of the Commissioner. (Dkt. No. 16). Plaintiff thereafter filed objections to the R & R, asserting the following arguments that the decision of the Commissioner should be reversed and the recommendation of the Magistrate Judge not followed: (1) the ALJ inappropriately failed to consider Plaintiff's sleep apnea and restrictive lung disease when considering the claimant's combined impairments; (2) the ALJ improperly separated Plaintiff's mental and physical impairments, rather than consider them in combination, as required by *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); (3) the ALJ failed to evaluate the effects of Plaintiff's obesity under the standards of SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002); and (4) the ALJ improperly relied on the testimony of the Vocational Expert ("VE") without having the witness explain any unresolved conflict between the VE's testimony and the DOT utilized in his testimony. (Dkt. No. 16 at 13-24).

The Court finds that the Magistrate Judge ably and thoroughly addressed each of these

objections raised by Plaintiff in the R & R and appropriately concluded that none provide a basis to reverse the decision of the Commissioner. The Court, therefore, adopts the R & R of the Magistrate Judge as the order of this Court.

Plaintiff further argues that he has a "plethora of physical and mental impairments" which prevent him from "being able to engage in sustained gainful employment." (Dkt. 18 at 4). Thus, Plaintiff argues there is not substantial evidence to support the decision of the Commissioner. (*Id.*). The Court has reviewed the entire record in this matter and notes the conflicting evidence concerning the degree of Plaintiff's impairments. Under the Social Security Act, the weighing and reconciling of such conflicting evidence are left to the Commissioner, with the Court's review limited to a substantial evidence standard of review. Once the Court determines that no reversible legal error has occurred and there is substantial evidence to support the decision of the Commissioner, the Court is obligated to affirm the Commissioner. *Hancock v. Astrue*, 667 F.3d 470, 471 (4th Cir. 2012). The record in this matter clearly contains substantial evidence to support the decision of the Commissioner.

## Conclusion

The Court, having adopted the R & R of the Magistrate Judge and found that there exists substantial evidence to support the decision of the Commissioner, hereby affirms the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

June 11, 2014
Charleston, South Carolina